[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16465
Non-Argument Calendar

_____

D. C. Docket No. 05-00099-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BISCAIN UMBACIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 9, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Biscain Umbacia appeals his 168-month concurrent sentences imposed after

pleading guilty to the following offenses that took place while he was aboard a

vessel subject to the jurisdiction of the United States: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. app. § 1903(a), (g), and (j); and (2) possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. app. § 1903(a) and (g).  After review, we affirm Umbacia's sentences, but remand to permit the district court to correct a clerical error in the judgment.

## I.  BACKGROUND

In February 2005, a United States Coast Guard helicopter spotted and eventually disabled the engine of a forty-foot "go-fast" boat in international waters near Colombia.  Upon boarding, the Coast Guard discovered 55 bales of cocaine in the boat's hold, with each bale containing 30 kilograms of cocaine for a total of 1,650 kilograms.  The boat had four crew members.  Umbacia was identified as the boat's captain.

Umbacia and his three co-defendants pled guilty to both counts.  The presentence investigation report ("PSI") recommended an total offense level of 35 and a criminal history category of I, resulting in a recommended Guidelines range of 168 to 210 months' imprisonment.  Umbacia filed written objections to the PSI, arguing, <u>inter alia</u>, that he was entitled to a mitigating role reduction and that he

2

deserved a below-Guidelines sentence based on the factors in 18 U.S.C. § 3553(a).

The district court overruled Umbacia's mitigating role objection, finding that

Umbacia had to know there was a lot of cocaine on the boat because there were 55

bales, Umbacia was the captain of the boat, and Umbacia had been paid $43,000

for his part in the scheme.

The district court adopted the Guidelines calculations in the PSI and found

no entitlement to a role reduction. The district court noted the advisory Guidelines

range and the § 3553(a) factors, including the amount of cocaine involved, the fact

that Umbacia was the captain of the boat and was paid a substantial amount of

money. The district court concluded that there was no reason for a non-Guidelines

sentence and sentenced Umbacia to two concurrent 168-month sentences at the low

end of the Guidelines range. This appeal followed.

## II. DISCUSSION

### A. Mitigating Role

We review for clear error a district court's determination of a defendant's

qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937

(11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in

the offense by a preponderance of the evidence.[1] Id. at 939. Two principles guide

---

[1]Pursuant to U.S.S.G. § 3B1.2, the defendant is entitled to a four-point decrease in his offense level if he was a minimal participant, and a two-point decrease if he was a minor participant.

3

a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941. In addition, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. at 944.

The district court did not clearly err in refusing to grant Umbacia a mitigating role reduction. With respect to the first prong of De Varon, Umbacia was held accountable for only the amount of drugs found on the go-fast boat. Therefore, Umbacia's actual and relevant conduct were the same, and he did not play a minor role in that conduct.

With regard to the second prong of De Varon, the record indicates that

---

Whether a defendant qualifies for a decrease is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(c). A "minimal participant" is someone who is "plainly among the least culpable of those involved in the conduct of a group." Id. at cmt. n.4. A "minor participant" is a person who is "less culpable than most other participants, but whose role could not be described as minimal." Id. at cmt. n.5.

Umbacia, as captain of the go-fast boat, was at least as culpable as his co-defendants, the other members of the boat's crew.  The district court also properly considered the large amount of drugs involved and the significant amount of money paid to Umbacia in denying a mitigating role reduction.  See id. at 945 (listing as relevant factors, inter alia, the amount of drugs involved and the amount of money paid).

## B.    Booker Reasonableness

After the Supreme Court's decision in United States v. Booker, a district court, in determining a reasonable sentence, must consider the advisory Guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a).  See 543 U.S. 220, 258-63, 125 S. Ct. 738, 764-66 (2005); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court.  United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006).[2]

We conclude that Umbacia's concurrent sentences are not unreasonable. The 168-month sentences are at the low end of the Guidelines range and below the statutory maximum term of life imprisonment.  See 21 U.S.C. § 960(b)(1)(B).  The

---

[2]The government argues that we should review only for plain error because Umbacia failed to object to his sentence as unreasonable after it was imposed.  We need not address this issue because, even under a reasonableness standard, Umbacia's argument fails.

district court noted the § 3553(a) factors, commenting in particular on the quantity of drugs involved in the offenses, Umbracia's role as captain of the boat and the money he received. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (concluding that Booker does not require the district court to discuss each § 3553(a) factor). Nothing in the record convinces us that Umbacia's 168-month sentences are unreasonable.

For all the above reasons, we affirm Umbacia's sentences. However, we note that Umbacia's judgment and commitment order contains a clerical error in that it omits any reference to 21 U.S.C. § 960(b)(1)(B)(ii), one of the statutes referred to in Count 2 of Umbacia's indictment and to which Umbacia pled guilty. Accordingly, we remand to the district court with directions to correct the clerical error contained in Umbacia's judgment and commitment order.

**AFFIRMED IN PART; REMANDED IN PART.**